IBT Warehouse
STORAGE TERMS AND CONDITIONS

I. STORAGE PERIOD AND CHARGES
   A. **Formation of Contract.** These Terms and conditions, including the information on the Face Page of this IBT Dock Receipt, constitute the entire Agreement between Purchaser and IBT, Inc., ("Company") as to the storage of the goods described on the Face Page, provided. Purchaser understands that these Terms and Conditions constitute the entire Agreement between Purchaser and Company as to all export packing, storage and consolidation services provided by Company and, in the event of any conflict, the Terms and Conditions contained on the reverse side of the Dock Receipt shall govern. Any term of Customer's order for such services, or requirements pertaining thereto or any communication from Purchaser which is in any way inconsistent with, or in addition to, the Terms and Conditions set forth herein or on the reverse side of the Dock Receipt, shall not be binding on Company in any way. Company's failure to object to any terms or conditions contained in any such communication from Purchaser shall not be deemed to be a waiver of such terms or conditions. If Purchaser objects to this agreement or any of the Terms and Conditions contained herein, such objection must be made in writing to Company and must be received by Company within five (5) days from the Date Received. If Purchaser issues multiple purchase orders or makes other requests for Company services or products; each such order or request shall be subject to the Terms and Conditions herein and on the reverse side of the Invoice regardless of Customer's other terms of any such order or request, and regardless of the method in which the order was placed.
   B. **General.** Company agrees to provide warehouse and Storage services to Purchaser with respect to the goods as described (and, at a minimum, for the time stated) on the Dock Receipt. The charges shall be subject to adjustment if the Storage term is extended and as generally provided in the Terms and Conditions contained on the reverse side of the Dock Receipt.
   C. **Storage Begins on Receipt.** Storage charges shall begin to accrue on and from the date Company receives and/or accepts custody of the goods, regardless of unloading date or date of issue of a warehouse receipt.
   D. **Monthly Charges.** Except as provided in paragraph E of this Section I, a full month of storage charge will be assessed as to all goods received between the first and the fifteenth, inclusive, of a given calendar month, and one-half month storage charge will be assessed as to all goods received between the fifteenth and the last day, inclusive, of a given calendar month. A full storage charge will apply to all goods in storage on the first day of the next and succeeding calendar months. All storage charges are due and payable on the first day of Storage for the initial month and thereafter on the first day of the calendar month.
   E. **Extension and Payment.** When mutually agreed by Company and Purchaser, a storage month shall extend from a date in one calendar month to but not including the same date of the next and all succeeding months. All Storage charges are due and payable on the first day of the Storage month.

II. TRANSFER, TERMINATION OF STORAGE, REMOVAL OF GOODS
   A. **Transfer of Goods.** Instructions to transfer goods on the docks, or warehouse of Company are not effective until delivered to and accepted by Company and all charges up to the time transfer is made are chargeable to Purchaser. When goods in storage are transferred from one party to another through issuance of new warehouse receipt, a new storage date shall be established on the date of transfer.
   B. **Relocation of Goods.** Company reserves the right to move, at its expense after no fewer than ten (10) days notice by certified or registered mail to Purchaser (or to the last known holder of a negotiable warehouse receipt for the goods, as applicable), any goods in storage from Company's warehouse to any other of its warehouse locations; but, if Purchaser (or holder of a warehouse receipt) takes possession of such goods in lieu of transfer, Purchaser shall pay accrued Storage charges for the current month, prorated to the day Purchaser takes possession of such goods. Company may, without notice and at its discretion, move goods within the warehouse in which they are initially stored.
   C. **Notice to Remove Goods.** Company may, upon written notice to Purchaser and to any other person actually known by Company to claim an interest in the goods, require the removal of any goods by the end of the next succeeding storage month. Such notice shall be given to the last known place of business or abode of the person to be notified. If goods are not removed before the end of the next succeeding storage month, Company may dispose of such goods in accordance with applicable law.
   D. **Preservation of Lien Rights.** If Company in good faith believes that the goods may deteriorate or decline in value (and thus reduce the value of Company's warehouseman's lien) before the end of the next succeeding storage month as described in paragraph C of this Section II, Company may specify in a written notice any reasonable shorter time for removal of the goods and, in case the goods are not removed as required, Company may dispose of them at public sale held one week after a single advertisement or posting, or as provided or allowed from time to time by applicable law.
   E. **Disposal of Necessity.** If as a result of a quality or condition of the goods of which Company has no notice at the time of receipt for Storage, the goods are (in Company's discretion) Dangerous Goods or otherwise a hazard to other property or to the warehouse or to persons, Company may sell the goods at public or private sale without advertisement or reasonable notification to all persons known to claim an interest in the goods. If Company, after reasonable efforts under the circumstances, is unable to see the goods, it may dispose of them in any lawful manner and shall incur no liability by reason of such disposition. Pending such disposition, sale, or return of the goods, Company may remove the goods from the warehouse and shall incur no liability by reason of such removal.

III. PAYMENT, MINIMUM CHARGES; LIEN FOR PAYMENT
   A. **Payment Terms.** Purchaser shall pay the Total Charges stated on the Invoice, and other charges or sums due hereunder or under the Terms and Conditions stated in the reverse side of the Invoice, net with ten (10) days of the date Purchaser receives the Invoice therefore from Company. Any such sums not paid when due shall bear interest at the rate of one percent (1%) per month, compounded, until such sums and interest are paid in full. Purchaser must pay all of Company's costs of collection, including Attorneys fees.
   B. **Minimum Storage Charges.** A minimum monthly charge will be made to Purchaser for Storage as provided in Section I.D.
   C. **Lien for Payment.** Company claims and shall maintain a lien on all of Purchaser's goods in Storage for all charges for Storage and for other services provided by Company pursuant hereto, including, without limitation, for sums due or arising hereunder by way of indemnifications and for all claims for money advanced, interest, insurance, taxes, penalties, transportation, labor, weighing, and aftercharges and expenses in relation to Purchaser's goods or Company's services hereunder.

IV. LIMITATION OF LIABILITY AND WARRANTY
   A. **Storage Liability Limited by Statutes.** Company's liability for damage to Purchaser's goods while in Storage is governed by SC Code 36-7-204 and is limited to the lesser of (i) the actual value of the loss or damage incurred or (ii) and amount not exceeding the amount of money actually paid by Purchaser to Company hereunder. Unless otherwise specifically set forth on the Face Page, Company does not carry insurance on the goods in its custody.
   B. **Limited Warranty.** Company warrants that it will generally handle Purchaser's goods at all times in accordance with such standards and procedures as Company, in accordance with Company's best professional judgment, believes to be appropriate under the circumstances. THE FOREGOING WARRANTY OF COMPANY IS IN THE LIEU OF ALL OTHER WARRANTIES EXPRESS, IMPLIED, OR STATUTORY INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND IS IN LIEU OF ANY OTHER WARRANTY OR OBLIGATION OF THE COMPANY.
   C. **Remedies of Purchaser.** The sole and exclusive remedy of Purchaser and responsibility of Company for any breach of warranty or other breach of the Agreement or any claim of negligence shall be, at Company's sole option, (i) to correct any defective performance, or (ii) to refund any amounts paid by Purchaser to Company. Company shall have not other liability or responsibility whatsoever to anyone. IN NO EVENT SHALL COMPANY BE LIABLE TO ANYONE, WHETHER IN CONTRACT, STRICT LIABLITY OR TORT, INCLUDING THE NEGLIGENCE OF COMPANY OR ITS EMPLOYEES, AGENTS OR REPRESENTATIVES, FOR ANY INCIDENTAL, CONSEQUENTIAL, SPECIAL, OR INDIRECT DAMAGES OF ANY KIND OR CHARACTER, PURSUANT TO OR ARISING OUT OF ANY CONTRACT BETWEEN PARTIES. Company's maximum liability pursuant to, or arising out of, this Agreement shall be the contract price of any services improperly performed for non-conforming product. Liability for damage to persons arising out of this work shall be limited to the amount covered by the general comprehensive liability insurance carried by Company, if any. Liability for damage to Purchaser property shall be limited to actual cost, or $ .50 (fifty cents) per pound, whichever is the lesser amount.

V. FORCE MAJEURE. Company shall not be liable for any delay in the performance or for nonperformance, in whole or in part, by the occurrence of any contingency beyond the reasonable control of Company, including, but not limited to, fires, floods, labor trouble, strikes, break-downs, the regulation, order, or requirement of any government, war (whether and actual declaration thereof is made or not), failure or delay in transportation by fire, flood, or act of any government or any agency or subdivision thereof affecting the terms of this Agreement or otherwise judicial action, accident, explosion, storm or other acts of God. Any such delays shall excuse Company from performance and Company's time for performance shall be extended for the period of delays and for a reasonable period thereafter.

VI. INDEMNIFICATION AND RELEASE. Purchaser releases and shall hold harmless and fully indemnify Company, its officers, agents and employees, from and against any claims, cost, damage, loss or liability (including attorney fees) arising out of or suffered in connection with (i) any contract or arrangement entered into by Company on behalf of Purchaser, (ii) any duty, tax, tariff or other assessment imposed or levied by authorities at any Port or by any authority of proper jurisdiction, (iii) any payments, fines, expenses, loss or damage incurred or sustained by Company, (iv) handling or storing Dangerous Goods; or (v) any breach by Purchaser of any term of this Agreement.

VII. NOTICE OF CLAIM AND FILING OF SUIT.
   A. **Notice Required.** Claims by Purchaser and all other persons must be presented in writing to Company within a reasonable time, and in no event longer than either sixty (60) days after delivery of the goods by Company or sixty (60) days after Purchaser of record or the last known holder of a negotiable warehouse receipt with respect to the goods is notified by Company that loss or injury to part or all of the goods has occurred, whichever time is shorter.
   B. **Limitations of Actions.** No action may be maintained by Purchaser or others against Company for loss or injury to the goods stored unless timely written claim has been given as provided by paragraph A of this Section VII and unless such action is commenced either within 60 days after date of delivery by Company or within 60 days after Purchaser or the last known holder of a negotiable warehouse receipt with respect to the goods is notified that loss or injury to part or all of the goods has occurred, whichever time is shorter.
   C. **Notice by Mail.** When goods have not been delivered, notice may be given of known loss or injury to the goods by mailing of a registered or certified letter to Purchaser or to the last known holder of the negotiable warehouse receipt. Time limitations for presentation of a claim in writing and maintaining of action after notice begin on the date of the mailing of such notice by Company.

VIII. GOVERNING LAW. The validity, construction and performance of this Agreement and the transactions and services to which it relates shall be governed by the law of the State of South Carolina. The parties hereto irrevocably agree to the exclusive jurisdiction of the state or federal courts in Charleston, South Carolina.



CLA - 0003